IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

16-CR-62A

SHERROD OGLETREE,

Defendant.

## PLEA AGREEMENT

The defendant, SHERROD OGLETREE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a two count Information which charges:

    a. In Count 1, a violation of Title 18, United States Code, Section 2251(a) (production of child pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

    b. In Count 2, a violation of Title 18, United States Code, Section 2261A(2)(B) (cyberstalking), for which the maximum possible sentence is a term of

imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

        c.     The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

        2.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, up to $250,000, as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

        3.     The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction in Count 1 pursuant to Title 18, United States Code, Section 3014.

        4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States

Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1

a. the defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct; and

b. knowing or having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; knowing or having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce; or the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce; or the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

### Count 2

a. the defendant used any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

b. that caused substantial emotional distress to another person; and

c. with the intent to harass and intimidate another person.

## FACTUAL BASIS

7.      The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

### Count 1

      a.      On or about August 5, 2015, in the Western District of New York, the defendant, SHERROD OGLETREE, did use, persuade, induce, entice and coerce a minor, Minor Victim 2 (MV2) to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

      b.      Specifically, on or about August 5, 2015 the defendant, began communicating with MV2, a 15-year-old female from Niagara Falls, New York, via FaceBook. During the FaceBook communication on or about August 5, 2015, the defendant directed and coerced MV2 to send him nude front and back pictures of MV2, including genitalia. MV2 sent the pictures to the defendant as directed by the defendant.

      c.      The nude and genitalia photographs of MV2 were located in the defendant's FaceBook account which was reviewed by law enforcement during the execution of a search warrant on that account.

### Count 2

      a.      Between in or about August 5, 2015, and continuing through in or about August 20, 2015, in the Western District of New York, the defendant, SHERROD OGLETREE, with the intent to harass and cause substantial emotional distress to Minor Victim 1 (MV1), did use an interactive computer service and facility of interstate and foreign commerce to engage in a course of conduct that caused substantial emotional distress to MV1.

      b.      Specifically, beginning on or about August 5, 2016, the defendant began contacting MV1, an individual located in the Western District of New York, through Facebook. During the defendant's course of conduct, the defendant engaged in conversations with MV1 and concealed his true identity from

    the MV1 by using a fake identity and using an account in the name of "Mrss Guwop" and pretending to be a female.

c.  During the FaceBook conversations the defendant had MV1 agree to work as a prostitute. Subsequent to this agreement, and prior to engaging in prostitution, MV1 told the defendant, posing as "Mrss Guwop" that she no longer agreed to work as a prostitute.

d.  The defendant, via FaceBook, told MV1 that she would have to pay "her manager" money, an electronic tablet and to have sex with him to get out of the agreement. The defendant further told MV1 that if she refused to comply with the aforementioned payments he would post screenshots of the conversations between "Mrss Guwop" and MV1, where MV1 agreed to prostitution, and to "tag" all of MV1's family and friends so that they would see the conversations.

e.  Based on the defendant's repeated and sustained harassment of the MV1, MV1 suffered substantial emotional distress when she was told that the conversations where she agreed to prostitution would be sent to her family and friends.

## III. SENTENCING GUIDELINES

8.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.  The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction for Count 1 and provides for a base offense level of **32**.

10. The government and the defendant agree that Guidelines § 2A6.2(a) applies to the offense of conviction for Count 2 and provides for a base offense level of **18**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11. The government and the defendant agree that the following specific offense characteristics do apply:

### Count 1

    a. the two level increase pursuant to Guidelines § 2G2.1(b)(6)(A) and/or (B) [the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce and/or the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct].

    b. the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years].

### Count 2

    a. the two level increase pursuant to Guidelines § 2A6.2(b)(1)(E) [the offense involved a pattern of activity stalking, threatening, or harassing the same victim].

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is **36**.

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is **20**.

## COMBINED ADJUSTED OFFENSE LEVEL

14. The government and the defendant agree that pursuant to Guidelines §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offenses of conviction under Counts 1 and 2 do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is **36**.

## ACCEPTANCE OF RESPONSIBILITY

15. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **33**.

## CRIMINAL HISTORY CATEGORY

16. It is the understanding of the government and the defendant that the defendant's criminal history category is **II**. The defendant understands that if the defendant

is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17. It is the understanding of the government and the defendant that, with a total offense level of 33 and criminal history category of II, and taking into account the statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 151 [handwritten: 150 by] to 188 months, a fine of $35,000 to $350,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

18. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum term of imprisonment. The government and the defendant reserve the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

19. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

20. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production, receipt, and possession of child pornography and cyberstalking which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22.   At sentencing, the government will move to dismiss the criminal complaint pending against the defendant.

23.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

24.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a

sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE

27. The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

   a. One (1) 8GB Samsung Galaxy Tab 4, Model no. SM-T230NU, bearing serial no. R52F80VPLIT, including one (1) green tablet case and one (1) travel adapter charger;

   b. One (1) Motorola G cellular phone Model No. XT1031; and

   c. One (1) Motorola E cellular phone, Model no. XT1526, bearing serial no. TA0980Q2A4.

28. The Forfeiture and Judgment of the above listed property will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim. The defendant hereby waives any other notice of such Order.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under

the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

31. The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

32. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, SHERROD OGLETREE, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
TRINI E. ROSS
Assistant U.S. Attorney

Dated: June ___1___, 2016

I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, John Humann, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SHERROD OGLETREE
Defendant

Dated: June ___1___, 2016

_____
JOHN HUMANN, AFPD.
Attorney for Defendant

Dated: June ___1___, 2016