AO 245B       (Rev. 09/11) Judgment in a Criminal Case                                                                TEB for DWB/tmh (2170062)
              Sheet 1

# UNITED STATES DISTRICT COURT
## Western District Of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Sherrod Ogletree | Case Number: 1:16CR00062-001 |
| | USM Number: 26751-055 |
| | John F. Humann |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts       1 and 2 of the Information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

*FILED SEP 27 2016 — MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2251(a) and 18 U.S.C. §2251(e) | Production of Child Pornography | 08/20/15 | 1 |
| 18 U.S.C. §2261A(2)(B), 18 U.S.C. §2261(b)(5) | Cyberstalking | 08/20/15 | 2 |

   The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Complaint  1:16-00028M-001       ☒ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 16, 2016
Date of Imposition of Judgment

*/s/ Richard J. Arcara*
Signature of Judge

Honorable Richard J. Arcara, Senior U.S. District Judge
Name and Title of Judge

Sept. 19, 2016
Date

AO 245B     (Rev. 09/11) Judgment in Criminal Case                                                                                               TEB for DWB/tmh (2170062)
              Sheet 2 — Imprisonment

                                                                                                Judgment — Page   2   of   6

DEFENDANT:         Sherrod Ogletree
CASE NUMBER:     1:16CR00062-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
180 months on Count 1 and 60 months on Count 2, with both Counts to run concurrently

*The cost of incarceration fee is waived.*

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                                                                        UNITED STATES MARSHAL

                                                        By _____
                                                                                DEPUTY UNITED STATES MARSHAL

DEFENDANT: Sherrod Ogletree  
CASE NUMBER: 1:16CR00062-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Ten (10) years on Count 1 and three (3) years on Count 2, with both Counts to run concurrently**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case                                                                    TEB for DWB/tmh (2170062)
            Sheet 3C — Supervised Release

Judgment—Page  4  of  6

DEFENDANT:        Sherrod Ogletree
CASE NUMBER:      1:16CR00062-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that he will use during the term of supervision. Such computer or computers will be subject to monitoring by the U. S. Probation Office, consistent with the computer monitoring policy then in effect by the probation office. In accordance with the Second Circuit's decision, United States v. Lifshitz, 369 F.3d 173 (2d Cir. 2004), at footnote 11, and in light of the changing technology of computer monitoring techniques, the Court finds it prudent to delay the determination of the specific terms of the condition and computer monitoring policy until the defendant's supervised release commences. The defendant may be required to pay the cost of monitoring services at the monthly rate provided by the U.S. Probation Office. The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office.

The defendant is to enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation Office. The defendant is to comply with the mandates of the treatment program and is not to leave such treatment until discharge is agreed to by the U.S. Probation Office and treating agency.

The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance.

The defendant is prohibited from possessing or downloading any child pornography as defined in 18 U.S.C. §2256 as follows: Any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct. For the purposes of this special condition, "sexually explicit conduct" means actual or simulated:

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex;
(B) bestiality;
(C) masturbation;
(D) sadistic or masochistic abuse; or
(E) lascivious exhibition of the genitals or pubic area of any person.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendant's presentence report to the New York State Board of Examiners of Sex Offenders.

The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine or restitution. If restitution or a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case                                                                TEB for DWB/tmh (2170062)
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT:         Sherrod Ogletree
CASE NUMBER:       1:16CR00062-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $ 200         | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS    $ _____    $ _____

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case     TEB for DWB/tmh (2170062)
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Sherrod Ogletree
CASE NUMBER: 1:16CR00062-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a special assessment of $100 on each Count for a total of $200, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

THE COURT RECOGNIZES that pursuant to 18 U.S.C. § 3014, unless the defendant is indigent, a special assessment of $5,000 for the offense of conviction in Count 1 must be imposed. However, given the defendant's lack of verifiable employment history coupled with his current lack of income, assets or resources, this Court finds that he is indigent and therefore, does not have the ability to pay the special assessment. As such, this special assessment is hereby waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit his interest in the following property specifically set forth in Section VII of the Plea Agreement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.